IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | 2:09CV767-mef |
| Plaintiff, ) | CIVIL ACTION NUMBER |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| LANE HOTEL MANAGEMENT, LLC. ) d/b/a/ CAPITOL INN-FOUR SEASONS ) RESTAURANT ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Valerie Bailey, an individual who was adversely affected by those unlawful practices. As alleged with greater particularity below, the Commission avers that Lane Hotel Management, LLC. d/b/a/ Capitol Inn-Four Seasons Restaurant ("Defendant" or "Capitol Inn") discriminated against Valerie Bailey by terminating her employment because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 703(a) (1), 706(f) (1) and (3) of Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Middle District of Alabama.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to being this action by §706(f)(1) of Title VII , 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, the Defendant has continuously been incorporated under the laws of the State of Alabama and has continuously been doing business in the State of Alabama.  At all relevant times, Capitol Inn has continuously employed at least fifteen employees.

5.      At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Valerie Bailey filed a charge with the Commission alleging violations of Title VII by Capitol Inn. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least 2006, the Defendant has engaged in unlawful employment practices at its facilities in Montgomery, Alabama in violation of §§ 701(k) and 703(a) of Title VII, 42 U.S.C. §2000e(k) and §2000e-2.

8. More specifically, Defendant terminated the employment of Valerie Bailey on April 18, 2007 because of her pregnancy. The termination followed a period of unpaid maternity leave taken with approval of the Defendant in January 2007.

9. Defendant permitted unpaid leave without termination for its non-pregnant employees, but upon Bailey's return to work in April 2007, Defendant notified Bailey that they had replaced her and that she no longer had a place in their workforce.

10. The discharge of Valerie Bailey from employment with Defendant on April 18, 2007 was without just cause or notice, and contrary to Defendant's policies and practices relating to leave. Defendant acted in a discriminatory manner when it failed to grant Ms. Bailey a leave of absence and, instead, terminated her and replaced her with an employee who was not pregnant.

11. The effects of the practices complained of in paragraphs 7, 8, 9 and 10 above have been to deprive Valerie Bailey of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (pregnancy).

12. The unlawful employment practices complained of in paragraphs 7, 8, 9 and 10 above were intentional.

13. The unlawful employment practices complained of in paragraphs 7, 8, 9 and 10 above were done with malice or with reckless indifference to the federally protected rights of Valerie Bailey.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Capitol Inn, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based upon sex (pregnancy).

B. Order Defendant Capitol Inn to institute and carry out policies, practices and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Capitol Inn to make whole Valerie Bailey by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful place reinstatement.

D. Order Defendant Capitol Inn to make whole Valerie Bailey by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, 8, 9 and 10 above, in an amount to be determined at trial.

E. Order Defendant Capitol Inn to make whole Valerie Bailey by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7, 8, 9 and 10 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant Capitol Inn to pay Valerie Bailey punitive damages for its malicious and reckless conduct described in paragraph 7, 8, 9 and 10 above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
131 M Street, N. E.
Washington, DC   20507

*C. Emanuel Smith*
C. EMANUEL SMITH (MS 7473)
REGIONAL ATTORNEY

*Julie Bean*
JULIE BEAN (DC #433292)
SUPERVISORY TRIAL ATTORNEY

*Marsha L. Rucker*
MARSHA L. RUCKER (PA Bar No. 70041)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 – 22nd Street, South
Birmingham, Alabama  35205-2886
Telephone:     (205) 212-2064
Facsimile:      (205) 212-2041

5